RUBIN ET AL. *v.* THE COMMERCIAL SAVINGS
& LOAN CO.

(Decided February 27, 1928.)

*Messrs. Davis, Young & Vrooman,* for plaintiffs in error.

*Mr. Frank B. Fults* and *Mr. C. F. Franke,* for defendant in error.

VICKERY, J. This case comes into this court on a petition in error to the municipal court of the city of Cleveland; the purpose being to reverse a judgment that was rendered against the plaintiffs in error, who were defendants below, in favor of the Commercial Savings & Loan Company.

From the record we learn that Rubin was building a large apartment house, or something of the kind, and had let a contract to the Acme Plastering Company to do the plastering, and that, during the prog-

ress of the work, he gave a check payable to the Acme Plastering Company for $1,000. That check was signed by plaintiff in error Rubin, contained the indorsement, "Acme Plastering Company," the name of the payee, and was taken to the bank, where it was presented upon being indorsed by a man by the name of Glaser.

It seems that Rubin claims that, upon the giving of this check, the plastering company was to put extra men on the job, so as to rush it, and he claims that they did not do so, and that he, for that reason, stopped payment of the check; but, before this knowledge was communicated to the Acme Plastering Company, or to the Commercial Savings & Loan Company, the check had been cashed, and the Commercial Savings & Loan Company had parted with its money. They presented the check to the drawee bank, where payment was refused, because it had been stopped. They then, as purchasers for value, without any notice of defense, brought this action to recover against Rubin and the indorser.

The indorser lived in Cleveland, and Rubin lived in Cleveland Heights, and one of the questions raised, but not seriously urged, was that the municipal court had no jurisdiction. We think that, if one of the parties was properly before the court, counsel might send outside into another city in Cuyahoga county, or perhaps elsewhere, to get another necessary defendant in, and we therefore rule that there is nothing in that so-called error.

An answer was filed which, in effect, denied that the Commercial Savings & Loan Company was a *bona fide* holder of the check, and asked for a dismissal of the proceedings.

The counsel seem to admit that there is just one question in this case, and that is whether the Acme Plastering Company's name on the back of this check was put on with authority, and the bank became the holder and owner of the check; that is, whether in the first instance the plaintiff had to prove that the signature of the indorser, the payee of the check, was genuine. Now we apprehend that, if the answer had set up that the plaintiff was not a *bona fide* holder, for the reason that the indorsement of the payee of the check was false, or forged, then there might be something in the contention. Now this check was made payable to the Acme Plastering Company, and its indorsement appeared on the back of it in a regular way, and surely that carried with it a presumption that it got there by proper authority, and that the title was transferred to the Commercial Savings & Loan Company, who paid full value for it, and apparently the plaintiff required the indorsement of Glaser, the man who presented the check to it, so we think the case turns upon the question of pleading.

We do not think from the way the pleadings were drawn in this case that it was necessary for the plaintiff to prove anything, in view of the circumstances that all it had to do was to present the check. It was a contract in writing, and, when it was made payable to the Acme Plastering Company, the maker of the check recognized that there was such a concern, and the indorsement, in the very form of the payee itself, seems on its face to be regular, and, if Rubin wanted to attack that indorsement so as to show that the bank was not the regular holder in due course, he would have to allege, at least, that

the signature of the payee had been forged, or put on without authority, and, in that event, of course, the bank would not be the regular holder in due course, and there would be something in his contention; and perhaps in that case it would be necessary for the bank in the first place to prove that the signature was a genuine signature, but, that question not having been raised, we think the error complained of does not exist as a matter of fact, and, as already stated, the only claim that was made was that the signature was there without proper authority; hence, in the absence of an allegation to the contrary, we think the name appearing on the back of a check in the same form that the check was made out to the payee is *prima facie* evidence, at least, and therefore we can see no error in this case, and think the judgment should be affirmed.

*Judgment affirmed.*

SULLIVAN, P. J., and LEVINE, J., concur in judgment.